### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **MATTHEW DAVID FURLOW,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00764 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **I. GILMORE, WARDEN,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Matthew David Furlow, Pro Se Petitioner.*

The petitioner, Matthew David Furlow, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under the judgment entered against him in Page County in 2017.  This court notified Furlow that his petition appeared to be untimely filed and granted him an opportunity to provide any additional evidence or argument on that issue.  Furlow then filed a Memorandum in Response.  Upon review of the record, I conclude that the petition must be summarily dismissed as untimely filed under 28 U.S.C. § 2244(d).[1]

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

On the second day of a jury trial in the Page County Circuit Court, Furlow changed his plea to guilty as to all counts against him.  On May 3, 2017, the circuit court sentenced Furlow to two life sentences without parole for the attempted capital murder and malicious wounding of a pregnant woman; ten years for conspiracy to commit capital murder; ten years for abduction by force or intimidation; ten years for grand larceny; five years for attempting to conceal a body; and a total of six years for two counts of use of a firearm in commission of a felony.  After the circuit court entered its final order, apparently on August 8, 2017, Furlow did not appeal his convictions or sentences.[2]

State court records online indicate that Furlow filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on April 17, 2020.  The Supreme Court procedurally dismissed his petition on August 13, 2020.  Furlow did not pursue certiorari review in the Supreme Court of the United States.

---

[2]  Court records online, as well as local news articles from the spring of 2017, indicate that the court pronounced sentence on Furlow on May 3, 2017.  Va. Cts. Case Info., Page Cnty. Cir. – Crim. Div.,  http://www.courts.state.va.us/caseinfo/home.html, *Commonwealth v. Furlow*, Nos. CR16F00323-00 – CR16F00330-00; Rebecca Armstrong, *Shooter Given Life Sentences*, Daily News-Record, (May 3, 2017), https://www. dnronline.com/news/local/shooter-given-life-sentences/article_b757e5e2-307d-11e7-6bf-a3ab8c330d4b.html.  In Furlow's petition and in his Memorandum in Response, ECF No. 3, he contends that he was convicted on August 8, 2017, and sentenced on May 3, 2017.  For the sake of this Opinion, I will use the later date he provides as the date on which the state court entered judgment against him.

On March 30, 2020, Furlow signed and dated his § 2254 petition.  He alleges that the Commonwealth violated his rights under the Confrontation Clause by presenting hearsay testimony from his codefendant; the indictments were defective because the Commonwealth failed to prove that Furlow committed any crime; and Furlow could not be guilty of concealing a body when neither of the victims died.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation.  28 U.S.C. § 2244(d)(1).  Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted.  *See* 28 U.S.C. § 2244(d)(1)(A).  If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition.  *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

I will calculate the timeliness of Furlow's petition using the later date of the state judgment he provides, August 8, 2017.  From that date, Furlow had thirty days to note an appeal to the Court of Appeals of Virginia.  *See* Va. Code Ann. § 8.01-675.3.  When he did not pursue an appeal, his conviction became final for purposes of § 2244(d)(1)(A), and his one-year period to file a § 2254 petition began to run on September 7, 2017.  The filing period expired on September 7, 2018.  Furlow did not file his § 2254 petition until March 30, 2021, two and a half years after his filing

period ended.[3]  Thus, the petition is untimely under § 2244(d)(1)(A).  Furlow does

not state any facts suggesting that he is entitled to statutory tolling of the limitation

period under the other subsections of § 2244(d), based on new Supreme Court

precedent, a constitutional impediment, or newly discovered facts.

Therefore, I may address the merits of Furlow's untimely filed § 2254 claims

only if he demonstrates grounds for equitable tolling of the limitation period.

Equitable tolling is available in "those rare instances where — due to circumstances

external to the party's own conduct — it would be unconscionable to enforce the

limitation period against the party." *Rouse v. Lee*, 339 F .3d 238, 246 (4th Cir. 2003)

(internal quotation marks and citation omitted).  A petitioner is "entitled to *equitable*

*tolling*" only if he shows "(1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way" and prevented timely filing.

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *United States v. Sosa*, 364 F.3d

507, 512 (4th Cir. 2004).  When the failure to file a timely petition is a result of

petitioner's own negligence or lack of diligence, equitable tolling is not appropriate.

*Pace*, 544 U.S. at 419; *Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do

not extend to garden variety claims of excusable neglect.").  Furlow offers no reason

---

[3] For purposes of this Opinion, I will consider the petition to have been filed as of
the date appearing beside the signature line and assume without finding that Furlow also
properly delivered it to prison officials on that date for mailing to the court.  Fed. R. App.
P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

for his failure to file a timely § 2254 petition.  Accordingly, I find no basis for invoking equitable tolling.

Using the dates on the face of Furlow's petition, I conclude that it was not timely filed under § 2244(d)(1)(A).  Moreover, Furlow has not stated facts warranting equitable tolling of the statutory filing period.  Therefore, I will summarily dismiss his § 2254 petition as untimely.

A separate Final Order will be entered herewith.

DATED:   May 24, 2021

/s/  JAMES P. JONES
United States District Judge